**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD A. ASHING,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of  Social Security,<br><br>　　　　　　　Defendant. | CASE NO. CV 09-09343 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　　This matter comes before the Court a third time.  The first time, the parties stipulated to a remand, and the Court remanded in accordance with their stipulation. [AR 273-77] The second time, the Court remanded, finding that the Administrative Law Judge had not complied with the Court's order.  [AR 375 ] The Administrative Law Judge held a further hearing, issued interrogatories to a medical expert, and again denied Plaintiff's application for disability benefits.  [AR 351] Plaintiff again seeks review.

　　　　　In this Court, the Commissioner does not defend the latest decision he made. Rather, he states that "Defendant's Office of Disability Adjudication and Review, upon further review of the record, requested [sic] a voluntary remand of the case." (Defendant's Memorandum in Support of Defendant's Request for Remand For Further Proceedings at 3:3-4.) The bulk of Defendant's Memorandum is devoted to the issue of whether the Court should remand, or instead award benefits.

This is not a situation, however, where the Court need make the decision as to whether the present record justifies a Court award of benefits. Instead, the Court understands Defendant to say that the Social Security Administration should have granted an administrative appeal while it had the time to do so; it did not realize that before, but it does now. Thus, Defendant asks to be put back in the same position as if the matter still were pending in the administrative process.

The Court grants that request. The matter is remanded to the Commissioner for further proceedings. The Commissioner suggests that the Court place several conditions upon the remand, including that the Commissioner assign the matter to a different administrative law judge, and that the administrative law judge be instructed to take further steps. The Court sees no need to order the Commissioner to do things that the Commissioner is perfectly free to do himself, and which the Commissioner states to the Court *should* be done.

The Court expresses no view as to whether the most recent administrative decision complies with the Court's previous order of remand, and the Court makes no other substantive rulings. Rather, the Court grants the Commissioner's request solely to allow the Commissioner the opportunity for further review, as the Commissioner himself has determined that he made a mistake in not granting such administrative review.

IT IS SO ORDERED.

DATED: August 19, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE